UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| LESLEY DESKINS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 3:16-CV-83-GFVT-HAI |
| v. | ) | |
| | ) | **ORDER** |
| CLAY CROUCH and | ) | |
| LAWRENCEBURG POLICE DEPT., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court pending review of the Recommended Disposition ("R&R") of United States Magistrate Judge Hanly A. Ingram. [R. 15.] *Pro se* Plaintiff Lesley Deskins filed the instant civil rights action alleging the following federal claims: (1) False Arrest (against Officer Crouch); (2) Violation of the Right to Bear Arms (against Officer Crouch); (3) Malicious Prosecution (against Officer Crouch); (4) Failure to Train (against the Lawrenceburg Police Department); and (5) Failure to Supervise (against the LPD) – and the following state claims: (6) False Arrest (against Officer Crouch); (7) Violation of the Right to Bear Arms (against Officer Crouch); (8) Malicious Prosecution (against Officer Crouch); (9) Tort of Outrage (against Officer Crouch); (10) Negligent Training (against the LPD); and (11) Negligent Supervision (against the LPD).[1] Deskins's case was referred to United States Magistrate Judge Hanly A. Ingram for the purpose of conducting further proceedings, including preparing

---

[1] As Deskins, proceeding *pro se*, does not name each specific claim in her complaint, the Court will utilize the list of Plaintiff's claims as interpreted liberally by Defendants and identified in Defendants' motion for summary judgment. [R. 11 at 4-5.]

proposed findings of fact and recommendations on any dispositive motions. [R. 5.] The Defendants have filed a joint motion for summary judgment, arguing they are entitled to judgment as a matter of law on each respective claim by the Plaintiff. Deskins has not made any filings nor had any contact with the Court since the case was removed, and failed to respond to Defendants' motion for summary judgment [R. 11], despite a court order which warned Deskins that failure to respond "may result in granting the motion and entry of judgment in Defendants' favor." [R. 12.]

Judge Ingram issued his R&R on June 13, 2017. [R. 15.] Since that time, neither party has filed any objections to the R&R and the time for doing so has now expired. Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review … a magistrate's factual or legal conclusions, under a de novo or any other standard …." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and it agrees with the Magistrate Judge's Recommended Disposition.

Judge Ingram's R&R recommends that the Court grant the Defendants' motion for summary judgment because Deskins failed to respond to the summary judgment motion, and further, because her claims fail on the merits.[2] First, to succeed, each of the Plaintiff's claims

---

[2] The R&R notes that while "Defendants' motion for summary judgment can be granted on the basis that Deskins failed to respond [under Joint Local Civil Rule 7.1(c)]. … [W]hen granting a motion [that] will dispose of an action, the Court should exercise some caution to at least ensure that the moving party has met its burden under the Federal Rules." [R. 15 at 4.]

require that the arrest that is the basis of the claim, here, the arrest by Officer Crouch, be unlawful. [*See* R. 15 at 9.] Judge Ingram finds that, because Officer Crouch lawfully arrested Deskins based on probable cause, her respective claims against Officer Crouch and the LPD are defeated. Judge Ingram notes that the existence of probable cause at the time of the arrest is evidenced by both the uncontradicted affidavits of the Defendants' and subsequent proceedings in which, significantly, Deskins was indicted under the probable cause standard by a grand jury on the first-degree wanton endangerment charge and then convicted by a petit jury beyond a reasonable doubt of second-degree wanton endangerment. [R. 15 at 7, 9.]

Second, Judge Ingram finds that, as it specifically concerns Deskins's claims against the LPD under 42 U.S.C. § 1983, to impose liability against a municipality[3], "a plaintiff must allege that the violation of her constitutional rights was part of a governmental custom, policy, ordinance, regulation or decision." *See Monell v. Dep't of Soc. Svcs., 436 U.S. 658, 690 (1978); Garner v. Memphis Police Dep't, 8 F.3d 358, 364 (6th Cir. 1993), cert. denied, 510 U.S. 1177 (1994).* In light of this obligation on the part of the claimant, Deskins's claims against the LPD fail for yet another reason, as she has not pointed to any official policy or procedure that led to or caused the denial or deprivation of one of her constitutional rights. [R. 15 at 5.] Lastly, concerning Deskins's claim of continued violation of her right to bear arms, her complaint does not say why she remains deprived of this right, and Defendants indicate they are "unaware as to why Ms. Deskins has not been allowed to possess a firearm since her arrest" because she was not convicted of a felony. [R. 11 at 10 n.33.] As detailed above, Deskins has failed to respond to the motion for summary judgment, and thus, has not put forward any evidence to dispute or

---

[3] The Court has chosen to liberally construe the complaint as a suit against the city of Lawrenceburg, of which the Lawrenceburg Police Department is a department or subdivision. [R. 15 at 6.]

challenge the above findings.

The R&R advises the parties that objections must be filed within fourteen (14) days of service or further appeal is waived. [*Id.* at 13.] Neither party has filed objections nor sought an extension of time to do so. Thus, pursuant to 28 U.S.C. § 636(b)(1), and because the Court agrees with the conclusions on the Magistrate Judge, this Court will adopt the Report and Recommendation. Accordingly, it is hereby **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [**R. 15**] as to Lesley Deskins is **ADOPTED** as and for the opinion of this Court;

2. The Defendants' unopposed Motion for Summary Judgment [**R. 11**] is **GRANTED**;

3. The Plaintiff's action is **DISMISSED** in its entirety with prejudice; and

4. **JUDGMENT** in favor of the Defendants will be entered contemporaneously herewith, and this matter will be **STRICKEN** from the Court's active docket.

This the 7th day of August, 2017.

Gregory F. Van Tatenhove
United States District Judge